THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN TAYLOR, Appellant.

First Department, February 23, 1988

## APPEARANCES OF COUNSEL

*Andrea M. DiGregorio* of counsel *(Peter D. Coddington* with her on the brief; *Mario Merola, District Attorney,* attorney), for respondent.

*Jeffrey Dellheim* of counsel *(Phillip L. Weinstein,* attorney), for appellant.

## OPINION OF THE COURT

SMITH, J.

Defendant was convicted of murder growing out of a shoot-out between rival gangs on August 8, 1985 near Walton Avenue and 169th Street in Bronx County, New York City. A

bullet struck a seven-year-old girl who was apparently sitting on a fire escape and she died. Defendant was apprehended by Houston, Texas, police on April 9, 1986, following a communication from New York City police.

The sole issue on appeal is the voluntariness of a statement made by the defendant to Sergeant Steve Jett of the Houston police. Sergeant Jett's testimony, at the *Huntley* hearing and at trial, was that following defendant's arrest at an apartment, Jett told him he was charged with murder in New York City and gave him an abbreviated version of the *Miranda* warnings. Specifically, Sergeant Jett told the defendant that he had a right to remain silent, that anything he said could be used against him in a court of law and that he had the right to a lawyer. Sergeant Jett did not tell defendant that if he could not afford a lawyer, one would be appointed for him without charge.

Following Texas procedure, the defendant was taken to a Houston courtroom where a Judge was to tell him his complete rights. While waiting, the defendant began speaking and implicated himself in the murder. He said that he had not killed the girl but had gotten the gun with which she had been shot. He obtained the gun at the direction of someone else because members of a rival gang were approaching the area. Sergeant Jett did not prompt him or ask him to clarify anything.

On cross-examination, the defense attorney asked questions concerning the taking of the statement. Sergeant Jett never changed his testimony that the statement was volunteered. The statement was never reduced to writing.

At the trial, the only testimony concerning the statement was by Sergeant Jett. Defendant did not take the stand.

Following the testimony, the defense attorney asked the court to charge the jury as follows:

"With regard to the alleged statement, my client made, I would ask the Court to instruct the jury that even if they find as an issue of fact that my client did, in fact, make the statement that he's alleged to have made that they have a right to consider whether or not that statement was given after a knowing and voluntary waiver of his constitutional rights and if they find it was made without a knowing and voluntary waiver of his constitutional rights, that they may not consider that, that statement, as evidence against him.

"THE COURT: I refuse to so charge."

The People do not contend that the statement was made after a knowing waiver of *Miranda* rights. They contend it was volunteered before complete *Miranda* rights were given. The defense does not claim that Sergeant Jett should have stopped defendant in the middle of his statement and given him the entire *Miranda* warnings.

CPL 710.70 requires the court to submit the issue of voluntariness to the jury where there is evidence that the statement was involuntary within the meaning of CPL 60.45 (coerced or without *Miranda* warnings). CPL 710.70 (3) reads, in part, as follows: "Nothing contained in this article, however, precludes a defendant from attempting to establish at a trial that evidence introduced by the people of a pre-trial statement made by him should be disregarded by the jury or other trier of the facts on the ground that such statement was involuntarily made within the meaning of section 60.45. Even though the issue of the admissibility of such evidence was not submitted to the court, or was determined adversely to the defendant upon motion, the defendant may adduce trial evidence and otherwise contend that the statement was involuntarily made. In the case of a jury trial, the court must submit such issue to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made."

It is clear that "[a] Trial Judge is required to charge on voluntariness only if an issue has been raised *at the trial* by a proper objection, and evidence sufficient to raise a factual dispute has been adduced either by direct or cross-examination." *(People v Cefaro,* 23 NY2d 283, 288-289 [emphasis in original].)

While an objection to the statement was made, the evidence adduced at the trial was insufficient to require that the issue of voluntariness be given to the jury. As stated before, only Sergeant Jett testified about the statement. On cross-examination, the defense attorney asked questions designed to show that the statement was made at the instigation of the police officer or was not made at all. There was never any affirmative testimony by the defendant or anyone else that the statement was not made or was other than voluntary (lack of sleep or food or physical coercion) or was made following questions by the police officer without *Miranda* warnings.

The fact that questions are asked does not constitute evidence of involuntariness. For example, the defense attorney

asked Sergeant Jett why he felt that "he [the defendant] simply volunteered this information to you?" The answer given was that defendant seemed remorseful that the girl had been killed. The attorney also asked if Sergeant Jett did anything to "prompt" the defendant to speak or asked him to clarify any part of his statement. Sergeant Jett answered no.

The requested charge was properly denied.

Accordingly, the judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered March 11, 1987, convicting defendant of murder in the second degree and sentencing him to an indeterminate term of 20 years to life, should be affirmed.

MURPHY, P. J., CARRO, ROSENBERGER and ELLERIN, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on March 11, 1987, unanimously affirmed.