■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [613 NYS2d 171] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered May 16, 1991, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously affirmed.

Defendant argues that he was denied a fair trial by the trial court's refusal to admit the part of his confession in which he said that he was beaten by the police when arrested some 18 hours prior thereto, after having admitted the inculpatory parts of the confession introduced by the People, and by the trial court's failure to submit the issue of the voluntariness of the confession to the jury. We agree with defendant that the entirety of his confession should have been admitted if only because the People themselves had introduced evidence of the struggle between defendant and the police in explanation of injuries sustained by defendant they portrayed as minor *(see, People v Gallo,* 12 NY2d 12, 15-16), but defendant's claim that the voluntariness of the confession should have been submitted to the jury is unpreserved as a matter of law, no request for such a ruling ever having been made *(People v Cefaro,* 23

NY2d 283, 289), and we decline to review it in the interest of justice. Defendant misreads the record in arguing that such a request would have been futile because the court, in the course of its ruling refusing to admit the part of the confession in which defendant said he was beaten, told defendant that he would have to testify in order to raise the issue of voluntariness. To the contrary, in the context of the argument concerning this part of the confession, the court's remarks were merely to the effect that defendant's testimony would be helpful in raising a claim of involuntariness; no ruling on the subject of voluntariness was ever "unequivocally" sought, or made in advance (see, People v Mezon, 80 NY2d 155, 160-161), and a request for such a ruling, or at least a request for clarification of the court's position, would not have been futile. In any event, even if these two claimed errors—refusal to admit the entire confession and failure to submit the issue of voluntariness sua sponte—were reviewed, found meritorious, and considered cumulatively, we would find them to be harmless beyond a reasonable doubt. There was no reasonable possibility that the jury would have found that the confession was the result of the alleged "profound whipping", and in the unlikely event that the jury were to find coercion, that such a finding would have affected the verdict, the other evidence of defendant's guilt being utterly overwhelming.

Defendant's remaining contentions concerning the conduct of the trial are unpreserved and we decline to review them in the interest of justice. In any event, his claim that his prior felony conviction was unconstitutionally obtained is without merit (People v Harris, 61 NY2d 9, 15), as is his claim the court abused its sentencing discretion (People v Farrar, 52 NY2d 302, 305). Although the codefendant, who pleaded guilty, may have been somewhat more culpable than defendant, the court properly took into consideration defendant's considerably more serious prior criminal record. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.