■ The People of the State of New York, Respondent, v Alex Silvagnoli, Appellant. [674 NYS2d 21] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered August 11, 1994, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him to a term of 7 to 21 years, unanimously affirmed.

By failing to make a sufficiently specific request, defendant did not preserve his current claim that the court should have instructed the jury regarding voluntariness of statements (*People v Cefaro*, 23 NY2d 283, 285-289; *People v Torres*, 205 AD2d 350, *lv denied* 84 NY2d 873; *see also, People v Walls*, 91 NY2d 987), and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was

insufficient evidence in the record to create a factual dispute on the issue (*People v Cefaro, supra*). Cross-examination regarding possible police methods of coercing statements, without more, was insufficient to raise an issue regarding voluntariness (*see, People v Taylor*, 135 AD2d 202, 204, *lv denied* 71 NY2d 1034).

By failing to make a sufficiently specific objection, defendant did not preserve his current claim that the court failed to make appropriate inquiry into alleged possible premature deliberations by the jury (*see, People v Bacic*, 202 AD2d 234, *lv denied* 83 NY2d 1002), and we decline to review it in the interest of justice. Were we to review this claim, we would find that since the foreperson's general statement that an unspecified member or members of the jury had some questions regarding "the law" did not indicate premature deliberations or sifting of the facts to determine guilt or innocence, nor any other improper conduct on the part of the jurors, and since there is no evidence in the record to suggest that the jury did not follow the court's specific instructions, given from the beginning of trial to the end, to refrain from discussing the case until the formal deliberation stage, an inquiry into the possibility of premature deliberations was unwarranted (*see, People v Gonzalez*, 155 AD2d 310, *lv denied* 75 NY2d 813).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find each of them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin, Andrias and Saxe, JJ.