■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WISDOM, Appellant. [803 NYS2d 781]—

Mercure, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 14, 2003, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree (two counts).

In March 2002, the police responded to an alleged shooting involving defendant in the City of Albany. A standoff ensued at the rear of the premises, with defendant and the police exchanging gunfire. Eluding capture, defendant fled the scene but voluntarily turned himself in to the police several days later. He was thereafter charged by indictment with numerous crimes and, following a jury trial, acquitted of two counts of attempted murder in the first degree and convicted of criminal possession of a weapon in the second and third degrees, as well as two counts of reckless endangerment in the first degree. County Court subsequently sentenced defendant to an aggregate term of 15 years in prison. Defendant appeals and we now affirm.

Initially, we reject defendant's argument that the verdict was both unsupported by legally sufficient evidence and against the weight of the evidence. As relevant here, a person is guilty of the crimes of criminal possession of a weapon in the second degree when he or she possesses a loaded firearm with intent to use that firearm unlawfully against another (*see* Penal Law § 265.03 [2]), and criminal possession of a weapon in the third degree when he or she possesses any loaded firearm outside his or her home or place of business (*see* Penal Law § 265.02 [4]). A person commits the crime of reckless endangerment in the first degree "when, under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25).

At trial, Albany Police Officers Joseph McDade and Richard Gorleski testified that they observed defendant walk across a first-floor landing in the rear yard of two residential buildings and jump onto a fire escape. The officers stated that they shined flashlights on him and that Gorleski shouted "police." Gorleski opened fire after defendant pointed a silver handgun at him, and defendant returned fire. McDade then fired shots in

defendant's direction, and defendant reacted by turning to face McDade and firing a shot at him before fleeing up the fire escape. Albany Police Detective William Cook testified that he discovered shell casings at the scene for a different caliber gun than that issued to Albany police officers. Viewing this evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's argument, the People established that defendant's possession of the firearm occurred outside his home—an element of criminal possession of a weapon in the third degree—in an area that "did not offer the expectation of privacy normally associated with a dwelling" (*People v Dennis [Taylor]*, 263 AD2d 618, 619 [1999], *lv denied* 94 NY2d 822, 830 [1999]; *see People v Tolbert*, 253 AD2d 832, 833 [1998], *lv denied* 92 NY2d 1039 [1998]; *see also People v Hallman*, 237 AD2d 17, 20 [1997], *affd* 92 NY2d 840 [1998]). Moreover, viewing the evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495).

Also lacking in merit is defendant's argument that County Court improperly admitted certain statements made by a nontestifying witness to Albany Police Officer Michael Romano. Specifically, defendant challenges testimony from Romano that defendant's girlfriend told him that the initial shooting was triggered by an argument over her decision to have an abortion. These statements were admitted not to show the truth of their contents but to show the police officers' state of mind and explain their course of conduct. Inasmuch as " 'the [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " (*People v Reynoso*, 2 NY3d 820, 821 [2004], quoting *Crawford v Washington*, 541 US 36, 59 n 9 [2004]), the admission of the testimony did not violate defendant's constitutional right to confront the witnesses against him and was permissible.

We have considered defendant's remaining arguments and conclude that they are lacking in merit.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.