(March 16, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY A. WHITE, Appellant. [811 NYS2d 473]—

Rose, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered June 13, 2000, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the second degree, sodomy in the first degree (three counts) and sodomy in the second degree.

In 1999, defendant was charged in a six-count indictment with having committed various sexual acts in "the latter part of 1995" with his then 10 and 13-year-old stepdaughters. The indictment alleged that defendant forced both victims to engage in oral sexual conduct and had sexual intercourse with the 13-year-old victim, all while playing his version of a game of "Truth or Dare" in his home. Following a jury trial, defendant was convicted of rape in the first degree, rape in the second degree, sodomy in the second degree and three counts of sodomy in the first degree. He was later sentenced on the most serious charges to two consecutive prison terms of 12½ to 25 years. Defendant appeals.

We find no merit in defendant's initial argument that the indictment did not sufficiently specify the time when the alleged crimes took place. The People narrowed the time frame in a supplement to the bill of particulars alleging that the crimes were committed "[o]n or about October to November, 1995" at a time when the "mother [was] working at P & C." These crimes were committed against 10 and 13-year-old victims, who, as a result of defendant's threats and the mother's inaction, did not report the allegations to the police until almost three years later. While the victims were unable to remember the specific date, they and their younger brother, who witnessed the

incidents, recalled that they occurred while playing "Truth or Dare." Defendant himself gave a statement to the police shortly after his arrest admitting that he committed one of the charged crimes while playing that game. Given these circumstances, we find that there was sufficient specificity to permit the preparation of a defense and to satisfy the requirements of CPL 200.50 (6) (*see People v Oglesby*, 12 AD3d 857, 859 [2004], *lv denied* 5 NY3d 792 [2005]; *People v Smith*, 272 AD2d 713, 714 [2000], *lv denied* 95 NY2d 871 [2000]; *People v Keefer*, 262 AD2d 791, 792 [1999], *lv denied* 94 NY2d 824 [1999]).

Defendant also contends that he asserted his right to counsel prior to making the statement to police which was used against him at trial and did not subsequently waive that right in the presence of counsel. However, he invoked his right to counsel while in a clearly noncustodial setting at his home and he was not arrested until almost two weeks later, at which time he received timely *Miranda* warnings and agreed to speak to police without an attorney present. In light of this, County Court correctly found that he waived his right to counsel without an attorney present (*see People v Davis*, 75 NY2d 517, 522-523 [1990]; *People v Ward*, 241 AD2d 767, 770 [1997], *lv denied* 91 NY2d 837 [1997]). Thus, County Court properly concluded that defendant's written statement was admissible.

We are equally unpersuaded by defendant's related contention that County Court erred by not instructing the jury on the voluntariness of defendant's statement pursuant to CPL 710.70 (3). Such an instruction is required only if the evidence presents a genuine question of fact as to the voluntariness of the statement (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *People v Perretti*, 278 AD2d 597, 598 [2000], *lv denied* 96 NY2d 762 [2001]). The police investigator testified that, while defendant initially denied the allegations, once he was shown the children's statements he began to cry and told the investigator his version of what took place during the "Truth or Dare" game. The investigator was vigorously cross-examined, but his responses did not raise a factual issue as to whether defendant was intimidated or coerced, disagreed with the accuracy of the written statement or had an impaired mental or physical state affecting his ability to make a voluntary statement. The cross-examination here, without more, failed to raise a factual dispute in which reasonable people could differ as to the voluntariness of defendant's statement (*see People v Perretti, supra* at 598-599; *People v Silvagnoli*, 251 AD2d 76, 76-77 [1998], *lv denied* 92 NY2d 882 [1998]; *People v Powers*, 231 AD2d 744, 744 [1996], *lv denied* 89 NY2d 945 [1997]).

Defendant's arguments concerning the sufficiency of the evidence are premised on the assertions that there was no proof of forcible compulsion and inadequate proof of the victims' ages. Viewing the record in the light most favorable to the prosecution, we disagree. Given the testimony concerning the older victim's efforts to resist defendant, the size and strength of defendant compared to the children and their testimony that they had been afraid of him due to his past violent behavior, which included choking, hitting, punching and throwing furniture at them, the jury rationally concluded that defendant committed the crimes of rape and sodomy by forcible compulsion (*see People v Davis*, 21 AD3d 590, 591-592 [2005]; *People v Oglesby, supra* at 859-860; *People v Sehn*, 295 AD2d 749, 751 [2002], *lv denied* 98 NY2d 732 [2002]). Also, although the older victim was uncertain whether the acts were committed before or after the younger victim's 11th birthday (*see* Penal Law § 130.50 [3]), other witnesses testified that they were certain that the acts took place before the younger victim's birthday. This testimony, together with defendant's admissions, constituted legally sufficient evidence that the acts were committed when the victims were 10 and 13 years old.

Viewing the evidence in a neutral light and according due deference to the jury's credibility determination as to when the incident occurred, we also conclude that the verdict is not against the weight of the evidence (*see People v Stewart*, 20 AD3d 769, 770 [2005]; *People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005]).

Defendant's remaining contentions, including his claim that his sentences are excessive, have been considered and found to be without merit (*see People v Greene*, 13 AD3d 991, 994 [2004], *lv denied* 5 NY3d 789 [2005]).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.