THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SCURLOCK, Appellant. [822 NYS2d 64]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 31, 2004, convicting defendant, after a jury trial, of burglary in the third degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's and his codefendant's recent and exclusive possession of the proceeds of the burglary, only a few hundred yards from the break-in, provided the jury with a proper basis from which to reasonably infer defendant's guilt (see People v Baskerville, 60 NY2d 374, 382 [1983]; Knickerbocker v People, 43 NY 177, 181 [1870]; People v Sim, 53 AD2d 992, 993 [1976], affd 44 NY2d 758 [1978]). Although the precise time of the burglary could not be ascertained, the evidence supports the conclusion that it occurred shortly before defendant and codefendant were found with the proceeds. Moreover, defendant had a bleeding gash on his leg, which was consistent with the broken window at the burglarized store. Furthermore, there was nothing to support an inference that defendant and the codefendant merely found property that had been stolen and discarded by someone else (compare People v Moore, 291 AD2d 336 [2002]).

The court properly denied defendant's request to submit to the jury the issue of the voluntariness of his statements to po-

lice (*see People v Graham*, 55 NY2d 144 [1982]; CPL 710.70 [3]). "A Trial Judge is required to charge on voluntariness only if an issue has been raised *at the trial* by a proper objection, and evidence sufficient to raise a factual dispute has been adduced either by direct or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *see also People v Silvagnoli*, 251 AD2d 76 [1998], *lv denied* 92 NY2d 882 [1998]; *People v Taylor*, 135 AD2d 202 [1988], *lv denied* 71 NY2d 1034 [1988]). The question of voluntariness, including any issues relating to the administration of *Miranda* warnings, was never litigated at trial.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ.