■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WHITFIELD, Appellant. [843 NYS2d 260]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 10, 2004, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of 25 years to life and 25 years, respectively, unanimously affirmed.

Defendant's ineffective assistance of counsel arguments, including those raised in his pro se supplemental brief, are not reviewable on direct appeal since they involve matters outside the record concerning counsel's choice of trial tactics, as well as his interactions with his client and with a former codefendant called as a defense witness (*see People v Love*, 57 NY2d 998 [1982]). We do not find this to be one of the rare cases where the trial record itself permits review of an ineffective assistance of counsel claim (*see People v Brown*, 45 NY2d 852 [1978]), and establishes "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for counsel's conduct. To the extent the existing record permits review, it establishes that defendant received effective assistance under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

In delivering its charge on the issue of the voluntariness of defendant's various statements, the court correctly instructed the jury that the police were not required to issue *Miranda* warnings in connection with defendant's first statement,

because he was not in police custody at the time. There was nothing in the trial evidence, including defendant's testimony, that was sufficient to raise a factual question as to custody. Accordingly, the court was not obligated to submit such issue to the jury (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *People v Taylor*, 135 AD2d 202 [1988], *lv denied* 71 NY2d 1034 [1988]). In any event, there is no reasonable possibility that the jury would have found defendant's initial exculpatory statement to be custodial. Likewise, there is no reasonable possibility that the outcome of the trial would have been different in the event that the jury had disregarded the statement at issue.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.