■ The People of the State of New York, Respondent, v Matthew Robinson, Appellant. [860 NYS2d 680]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 8, 2007 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the second degree (three counts), attempted robbery in the second degree and conspiracy in the fourth degree.

On December 10, 2005, two men wearing ski masks robbed a Stewart's store on Delaware Avenue in the City of Albany. One man carried a handgun and wore latex gloves and the other was armed with a black shotgun. The robbery occurred at about 4:30 A.M., which was half an hour before the store was scheduled to open. The perpetrators came from behind a dumpster in the rear of the store and confronted two male employees (one unloading a delivery truck and the other taking out trash). These two employees were directed into the rear of the store and told to lie down in the storeroom. The perpetrator armed

with a handgun (who was described as about 5 feet, 11 inches, and 160 pounds) demanded cash from these two victims and kept watch over them. The other perpetrator (who was described as about 5 feet, 6 inches, and a muscular 200 pounds) moved to the front of the store where he encountered a female employee, whom he repeatedly punched in the face and then dragged by her hair to the store safe, which he demanded she open. The perpetrators fled with approximately $1,800.

During the investigation, police uncovered evidence which led them to conclude that defendant was the person with the handgun in the rear of the store and that the other perpetrator was Desmon Lewis. Defendant was charged in a multicount indictment and, following a jury trial, found guilty of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the second degree (three counts), attempted robbery in the second degree and conspiracy in the fourth degree. He was sentenced to an aggregate prison term of 14 years with five years of postrelease supervision. Defendant appeals.

Defendant initially argues that the verdict was against the weight of the evidence. Since a different verdict would not have been unreasonable, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *accord People v Romero*, 7 NY3d 633, 645 [2006]). The People's proof included the fact that defendant, who had previously worked at this Stewart's, bragged to some of his friends—including Lewis and Orlando Rodriguez—that robbing the store would be easy. The female victim, who had worked with defendant at the store, testified that, when the perpetrator in the rear of the store called to the front, the voice "[s]ounded like" defendant's. Evidence indicated that the perpetrators were familiar with the store's opening procedures, layout and theft prevention techniques. One of the male victims, who was familiar with guns, described the shotgun used in the robbery as black on black with a heat dissipation rail, which matched the description of a shotgun recently purchased by defendant and discovered in his bedroom when police executed a search warrant. Latex gloves were found in defendant's car. Joshua Duell, a friend of defendant, testified that defendant admitted to participating in the robbery.

To be sure, defendant brought out weaknesses in some of this evidence and offered proof in support of his theory that Lewis

and Rodriguez committed the crime. For example, defendant elicited proof of the favorable deal that Duell received on pending charges for testifying, and urged that the female victim's voice identification of defendant was not free from ambiguity. He pointed out that he openly acknowledged to police that he had boasted about the ease with which the Stewart's could be robbed, but noted that he did this boasting in the presence of Lewis and Rodriguez, who were in his "brotherhood" and who had free access to his car and the shotgun in his car. He claimed that he was passed-out drunk on a couch on the morning of the robbery, and produced a witness who claimed to have seen him sleeping on the couch shortly before the crime occurred. This witness's credibility, however, was attacked by the prosecution in part because of his criminal record. Upon weighing the proof in the record and according deference to the jury's opportunity to view the witnesses (*see People v Bleakley*, 69 NY2d at 495), we are unpersuaded that the verdict was against the weight of the evidence.

We consider next defendant's contention that the People altered their theory of the case and that Supreme Court gave a supplemental instruction which permitted the jury to convict him upon a ground outside the People's original theory. The People attempted to show that defendant was the perpetrator who remained in the rear of the store and their theory throughout was that the perpetrators acted in concert. The jury sent out a note asking whether the phrase "in concert" meant physical presence at the scene and also seeking clarification of the term "actual presence." Supreme Court, after permitting input from the parties, gave a detailed supplemental instruction which included the correct legal answer that an accomplice does not have to be physically present. We are not persuaded that such answer—when considered in context and in light of the entirety of Supreme Court's charge (which correctly defined accessorial liability in the first instance) and the supplemental instructions given* —allowed the jury to convict defendant on a theory of criminal conduct not charged in the indictment (*see generally People v Umali*, 10 NY3d 417, 427-428 [2008]; *People v Drake*, 7 NY3d 28, 33-34 [2006]). "An indictment charging a

---

* For example, Supreme Court's supplemental charge repeated the original charge (including the directive that "mere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with the perpetrator of a crime does not by itself make a defendant criminally liable for that crime"), and the court continued by explaining in language mirroring the Pattern Criminal Jury Instructions the two elements that must be shown beyond a reasonable doubt for a person to be criminally liable for the acts of another (*see* CJI2d[NY] Accessorial Liability).

defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (*People v Rivera*, 84 NY2d 766, 769 [1995] [citation omitted]).

Defendant asserts that Supreme Court erred in not submitting to the jury the issue of whether his statement to police was voluntary. Where a defendant "adduce[s] trial evidence and otherwise contend[s] that the statement was involuntarily made," then "the court must submit such issue to the jury" (CPL 710.70 [3]; *see People v Combest*, 4 NY3d 341, 347-348 [2005]; *People v Scurlock*, 33 AD3d 366, 366-367 [2006], *lv denied* 7 NY3d 928 [2006]; *People v White*, 27 AD3d 884, 886 [2006], *lv denied* 7 NY3d 764 [2006]). The evidence at trial was not sufficient to raise a factual dispute regarding the voluntariness of defendant's statements and, accordingly, Supreme Court properly ruled not to submit the issue to the jury. We further note that part of defendant's strategy in attempting to show his cooperation and lack of culpability included urging to the jury that he had voluntarily gone to the police station and freely made a statement.

We find neither an abuse of discretion nor extraordinary circumstances warranting a reduction of defendant's sentence (*see People v King*, 277 AD2d 708, 712 [2000], *lv denied* 96 NY2d 802 [2001]). The remaining arguments have been considered and found unavailing.

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.