■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH R. HAMMS, Appellant. [865 NYS2d 775]—

Mercure, J. Appeals (1) from a judgment of the County Court of Essex County (Meyer, J.), rendered April 10, 2006, upon a verdict convicting defendant of the crimes of rape in the second degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered March 27, 2007, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate, among other things, the judgment of conviction, without a hearing.

In 2004, defendant was charged in an indictment with the crimes of rape in the second degree and endangering the welfare of a child. The charges stem from allegations that the then-23-year-old defendant engaged in sexual intercourse with a then-14-year-old girl in June 2003. Following a trial in County Court (Halloran, J.), defendant was convicted of both charges. Thereafter, the court (Meyer, J.) denied defendant's CPL 330.30 motion to set aside the verdict, and sentenced him to an aggregate term of $1\frac{1}{2}$ to $4\frac{1}{2}$ years in prison. The court further denied, without a hearing, defendant's motion pursuant to CPL article 440 to vacate the judgment of conviction and set aside the sentence. Defendant appeals from both the judgment of conviction and the order denying his CPL article 440 motion.

We affirm. Initially, we reject defendant's argument that County Court (Halloran, J.) committed reversible error by denying his request to instruct the jury on the voluntariness of his statement (see CPL 710.70 [3]). "Such an instruction is required only if the evidence presents a genuine question of fact as to the voluntariness of the [defendant's] statement" (People v White, 27 AD3d 884, 886 [2006], lv denied 7 NY3d 764 [2006] [citations omitted]; see People v Johnson, 303 AD2d 903, 907 [2003], lv denied 100 NY2d 539 [2003]; People v Perretti, 278 AD2d 597,

598 [2000], *lv denied* 96 NY2d 762 [2001]). In the absence of any question of fact regarding voluntariness, such an instruction would give the jury "a license and, indeed, encourage[ment] to make a determination in a factual vacuum, i.e., without evidentiary basis whatsoever" (*People v Cefaro*, 23 NY2d 283, 288 [1968]).

Here, one of the investigating officers testified that he telephoned defendant, who agreed to meet the officers at his apartment and go to the police station in an unmarked police car. At the station, defendant initially denied the allegations and then, after he was questioned for 20 to 30 minutes, admitted that he had sex with the victim, at which time he was given his *Miranda* warnings. Defendant indicated his willingness to continue talking to the investigators, and a written statement was taken. Upon cross-examination, the officer gave no indication that defendant requested to speak to an attorney, disagreed with the accuracy of the statement, or was coerced, intimidated, promised anything in exchange for his cooperation, or impaired in any way. In the absence of any evidence to create a factual dispute regarding the voluntariness of defendant's statement, County Court properly refused to submit the issue to the jury (*see People v Robinson*, 53 AD3d 681, 684 [2008]; *People v White*, 27 AD3d at 886; *see also People v Combest*, 4 NY3d 341, 347-348 [2005]; *cf. People v Perretti*, 278 AD2d at 599).

Similarly lacking in merit are defendant's arguments that County Court (Meyer, J.) erred in denying his motions to set aside the verdict pursuant to CPL 330.30 (1) and to vacate the judgment of conviction pursuant to CPL article 440. Both motions were premised upon defendant's assertion that he was denied the effective assistance of counsel, primarily because counsel waived the previously scheduled *Huntley* hearing and failed to vigorously cross-examine the police investigator regarding the circumstances surrounding defendant's questioning at the police station. Inasmuch as this is not "the rare case" in which it is "possible from the trial record alone to reject all legitimate explanations for counsel's failure to pursue a colorable suppression issue," County Court properly denied defendant's CPL 330.30 (1) motion (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Polanco*, 13 AD3d 100, 101 [2004], *lv denied* 4 NY3d 802 [2005]).

Turning to the merits of defendant's CPL article 440 motion, we note that "[a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Rivera*, 71 NY2d at 708-709; *see People v Baldi*, 54

NY2d 137, 146-147 [1981]). Moreover, "the failure to request a particular hearing does not, in and of itself, constitute ineffective assistance of counsel[,] particularly where, as here, such endeavor was [likely to be] futile" (*People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]; *see People v Rivera*, 71 NY2d at 709). Counsel put forth a reasonable alibi defense in the face of strong proof—even apart from the statement—against defendant, presenting an alibi witness and focusing on the inconsistency between the statement and the victim's testimony regarding the date of the crime. In addition, counsel made cogent opening and closing statements, properly challenged the testimony of witnesses and fully participated in the formulation of the jury charge. Although defendant further maintains that an expert witness should have been called to explore medical evidence, he fails to demonstrate or even suggest that any such testimony would have been favorable to him, and his assertion that counsel's cross-examination of the victim and her mother was not sufficiently forceful amounts to no more than a disagreement with trial tactics. Considering the record in its totality, we cannot say that the defense strategy or the alleged errors so negatively impacted the trial that defendant was denied meaningful representation (*see People v Jackson*, 48 AD3d at 893-894; *People v Brockway*, 277 AD2d 482, 486-487 [2000]; *People v McClain*, 250 AD2d 871, 873 [1998], *lv denied* 92 NY2d 901 [1998]; *cf. People v Miller*, 11 AD3d 729, 730 [2004]).

We have considered defendant's remaining contentions and conclude that they are lacking in merit.

Cardona, P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment and order are affirmed.