(October 24, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON A. CADE, Appellant. [973 NYS2d 432]—

Egan Jr., J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 3, 2010, upon a verdict convicting defendant of the crimes of arson in the first degree and murder in the second degree (two counts).

During the early morning hours of July 31, 2009, defendant and Joshua Morgan set fire to a two-family dwelling located in the City of Elmira, Chemung County. Nine people were inside the home at the time the fire was set; two of them—Wendy Baker and her husband, Lawrence Baker—were unable to escape and died. As a result, defendant was indicted and charged with arson in the first degree and murder in the second degree (two counts).[1] Following a jury trial, defendant was convicted as charged and thereafter was sentenced to concurrent prison terms of 25 years to life. This appeal ensued.

1. Morgan pleaded guilty to arson in the first degree and was sentenced to a prison term of 20 years to life.

Defendant first challenges the admissibility of certain of his oral and written statements provided to the police following the fire. The record reflects that defendant initially agreed to be interviewed on the afternoon of September 4, 2009. Upon his arrival at the local police station, defendant was advised of his *Miranda* rights, elected to speak with the police and thereafter made certain statements regarding his activities on the morning in question. When the interviewing detective accused defendant of lying, defendant became irate and invoked his right to counsel. After defendant calmed down, the detective continued the interview, whereupon defendant gave a written statement and left the police station. Approximately three weeks later, on September 24, 2009, defendant initiated contact with another detective using the "direct connect" function on his cell phone and again made certain statements regarding the circumstances surrounding the fire. Finally, on September 29, 2009, defendant's sister contacted the police and arranged for defendant to turn himself in, following which defendant again provided a written statement.

County Court found, and the People concede, that suppression of defendant's September 4, 2009 written statement was required as such statement was obtained after defendant invoked his right to counsel. As to the remaining statements, the record reveals that defendant was not in custody at the time he gave his oral statement to police on September 4, 2009; defendant agreed to the underlying interview, he was not handcuffed or restrained in any way while at the police station, he was offered an opportunity to use the bathroom during the course of the interview and he left the police station at the conclusion thereof. Under these circumstances, a reasonable person in defendant's position would have believed that he or she was free to leave and, therefore, no *Miranda* warnings were required (*see People v Lewis,* 83 AD3d 1206, 1207-1208 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Smielecki,* 77 AD3d 1420, 1421 [2010], *lv denied* 15 NY3d 956 [2010]; *see also People v McCoy,* 89 AD3d 1218, 1219-1220 [2011], *lv denied* 18 NY3d 960 [2012]). Nonetheless, defendant was advised of his *Miranda* rights and waived those rights before providing his oral statement, which, in turn, was made prior to his invocation of the right to counsel. Under these circumstances, we discern no basis upon which to suppress this statement.

We reach a similar conclusion regarding the oral statement given by defendant during the September 24, 2009 phone call that he initiated. Defendant's whereabouts were unknown at the time the call was placed, "and defendant could have ended

[the brief conversation] at any time simply by hanging up the phone" (*People v Pagan*, 97 AD3d 963, 967 [2012], *lv denied* 20 NY3d 934 [2012]). Accordingly, defendant cannot be said to have been in custody at the time this statement was made. Finally, although there is no question that defendant was in custody at the time he gave a written statement to the police on September 29, 2009, the record reflects that such statement was provided after defendant again was advised of—and waived—his *Miranda* rights.

To the extent that defendant contends that his invocation of the right to counsel on September 4, 2009 mandates suppression of all statements made by him after that date, we disagree. The right to counsel indelibly attaches in two limited situations—where formal judicial proceedings against a defendant have commenced and where an uncharged defendant, who is in custody, has retained or requested an attorney (*see People v Davis*, 75 NY2d 517, 521 [1990]; *see also People v Ramos*, 99 NY2d 27, 32-33 [2002]). However, "[a] suspect who is not in custody when he or she invokes the right to counsel can withdraw the request and be questioned by the police" (*People v Wilson*, 93 AD3d 483, 483-484 [2012], *lv denied* 19 NY3d 978 [2012]; *see People v Davis*, 75 NY2d at 522-523; *People v Engelhardt*, 94 AD3d 1238, 1239-1240 [2012], *lv denied* 19 NY3d 960 [2012]; *People v Casey*, 37 AD3d 1113, 1115-1116 [2007], *lv denied* 8 NY3d 983 [2007]; *People v White*, 27 AD3d 884, 886 [2006], *lv denied* 7 NY3d 764 [2006]). As defendant was not in custody at the time he invoked his right to counsel on September 4, 2009, he was free to withdraw that request or waive such right and speak with the police without having an attorney present— particularly in view of the approximately three weeks that elapsed between his initial request for an attorney and his subsequent statements to law enforcement (*see People v White*, 27 AD3d at 886).

As for defendant's assertion that County Court erred in admitting certain rebuttal testimony offered by the People, defendant failed to object to this testimony and, therefore, this issue is not preserved for our review (*see People v Wallis*, 24 AD3d 1029, 1031 [2005], *lv denied* 6 NY3d 854 [2006]). Finally, upon due consideration of all of the relevant circumstances, including the nature of the crime and defendant's prior criminal history, the sentence imposed by County Court was neither harsh nor excessive.

The arguments raised in defendant's pro se brief are equally unpersuasive. Although defendant now contends that certain testimony regarding a conversation that Morgan had with Larry

Baker Jr. the night before the fire deprived him of his constitutional right to confront the witnesses against him, defendant's sole objection at trial was that Morgan's testimony constituted hearsay. As a result, the alleged Confrontation Clause violation is unpreserved for our review (*see People v McMillon*, 77 AD3d 1375, 1375-1376 [2010], *lv denied* 16 NY3d 897 [2011]; *People v Johnson*, 66 AD3d 703, 703 [2009], *lv denied* 14 NY3d 771 [2010]). In any event, "[t]he [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted" (*People v Reynoso*, 2 NY3d 820, 821 [2004] [internal quotation marks and citations omitted]; *accord People v Wisdom*, 23 AD3d 759, 761 [2005], *lv denied* 6 NY3d 840 [2006]), and the record before us establishes that Morgan's testimony[2] was offered as circumstantial evidence of defendant's state of mind. Accordingly, no *Crawford* violation occurred (*cf. People v Ragsdale*, 68 AD3d 897, 898 [2009], *lv denied* 14 NY3d 804 [2010]; *People v Wisdom*, 23 AD3d at 761).

Defendant's claims of prosecutorial misconduct also are unpreserved for our review, as defendant made no objection to either a certain question posed to him on cross-examination or the allegedly improper comments made by the District Attorney during summation (*see People v Mosher*, 94 AD3d 1231, 1233 [2012], *lv denied* 19 NY3d 999 [2012]; *People v Ciccone*, 90 AD3d 1141, 1145 [2011], *lv denied* 19 NY3d 863 [2012]). In any event, the challenged conduct "was not so egregious or pervasive as to deprive defendant of a fair trial" (*People v Muniz*, 93 AD3d 871, 876 [2012], *lv denied* 19 NY3d 965 [2012]).

Finally, we find no merit to defendant's claim of ineffective assistance of counsel. To the extent that defendant contends that counsel failed to adequately investigate his case, this argument implicates matters outside of the record and, as such, is more properly considered in the context of a CPL article 440 motion (*see People v Stroman*, 106 AD3d 1268, 1271 [2013], *lv denied* 21 NY3d 1046 [2013]). As to the balance of defendant's claim, "[t]he constitutional right to the effective assistance of counsel does not mean that the representation was error free in every respect, but simply that defendant was afforded a fair trial" (*People v Bjork*, 105 AD3d 1258, 1263 [2013] [internal

---

**2.** According to Morgan, Larry Baker Jr. was involved in a dispute with one of defendant's brothers, Courtney Cade, and Baker indicated—on the night in question—that he might need to enlist Morgan's assistance in bringing Cade to the Baker residence so that Baker and his friends could "hurt him." Morgan then related this conversation to defendant, in response to which defendant stated, "[F]. . . it, let's burn the house down."

quotation marks and citations omitted], *lv denied* 21 NY3d 1040 [2013]). Here, the record reveals that counsel engaged in relevant motion practice, presented appropriate opening and closing statements, effectively cross-examined the People's witnesses and registered appropriate objections.[3] Under such circumstances, we are satisfied that defendant received meaningful representation (*see People v Wilbur*, 108 AD3d 878, 880 [2013]; *People v Pinkney*, 90 AD3d 1313, 1317 [2011]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

**3.** To the extent that defendant faults counsel for failing to, among other things, register certain objections, we find—for the reasons previously discussed— that such omissions "do not, either alone or cumulatively, warrant corrective action in the exercise of our interest of justice jurisdiction" (*People v Manning*, 81 AD3d 1181, 1184 [2011], *lv denied* 18 NY3d 959 [2012]) and, as applied to defendant's ineffective assistance of counsel claim, "did not rise to such an egregious level as to deprive defendant of meaningful representation" (*People v Wells*, 101 AD3d 1250, 1255 [2012], *lv denied* 20 NY3d 1066 [2013]).