*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 5, 2015                    105801
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                     MEMORANDUM AND ORDER

ROBERT S. FISHER,
                        Appellant.
_____


Calendar Date:   January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

_____


        Stacey L. Gorman, Ballston Spa, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Jason M. Carusone of counsel), for respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 23, 2008, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree, incest in the first degree, rape in the second degree, incest in the second degree, endangering the welfare of a child and sexual abuse in the second degree (two counts).

        In April 2008, defendant was charged in a multi-count indictment with various sex crimes stemming from his ongoing sexual relationship with victim A (born in 1995) between August 2007 and January 2008, as well as an encounter with victim B (also born in 1995) that occurred in January 2008.  Specifically, defendant was charged with course of sexual conduct against a

child in the first degree (victim A), incest in the first degree (victim A), rape in the second degree (victim A), incest in the second degree (victim A), endangering the welfare of a child (victim A) and two counts of sexual abuse in the second degree (victim B). In response to questioning by State Police, defendant gave a detailed written statement, wherein he recounted, among other things, the progression of his physical relationship with victim A — a person to whom defendant knew he was related — from touching to oral sex to repeated acts of sexual intercourse over the course of many months. Defendant's subsequent motion to suppress this statement was denied, and the matter proceeded to trial. After hearing the testimony offered by, among others, victims A and B, the jury found defendant guilty of all charges. County Court thereafter sentenced defendant to concurrent terms of imprisonment, including — with respect to defendant's conviction of course of sexual conduct against a child in the first degree — 20 years in prison followed by 20 years of postrelease supervision. This appeal by defendant ensued.

Defendant initially contends that County Court erred in failing to suppress the written statement he gave to State Police investigators in January 2008. We disagree. "The People bore the burden of proving the voluntariness of defendant's statement[] beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his Miranda rights. Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances [and] [t]he credibility assessments of the suppression court in making that determination are entitled to deference" (People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013] [internal quotation marks and citations omitted]).

Here, the State Police investigator who ultimately took defendant's statement testified that, prior to questioning defendant at the barracks, he advised defendant of his Miranda rights; in response, defendant indicated that he understood his rights and was willing to speak with the investigator. The investigator then questioned defendant for approximately 2½ hours, during the course of which the investigator utilized his

laptop to type defendant's written statement.  When completed, the printed statement was presented to defendant for his review. In conjunction therewith, the investigator testified, he again read the Miranda warnings out loud to defendant and asked defendant to initial each line of the warnings if he understood; defendant then initialed each line.  Additionally, in order to ensure that defendant could read, the investigator asked defendant to recite the first line of the statement, which defendant did without difficulty.  Following this, defendant was asked to review, sign and initial each page of the statement. The investigator testified that, when defendant came to the final page of the statement, he asked to make a correction; defendant then drew a line through a small portion of his statement and initialed that change.

Although defendant denied being apprised of his Miranda warnings, contended that the investigator had already prepared a written statement for him to sign prior to any questioning taking place, insisted that he did not read the written statement, claimed that he was not paying attention when the investigator read portions of the statement to him and testified that he signed/initialed the written statement only because he was instructed to do so, this conflicting testimony presented a credibility issue for County Court to resolve (see People v Marshall, 65 AD3d 710, 711 [2009], lv denied 13 NY3d 940 [2010]). Notably, defendant's insistence that he was not involved in the preparation of his written statement and did not pay any attention to the final product is belied by the statement itself – a document that defendant signed four times, initialed no fewer than 21 times and, as noted previously, made a correction thereto.  Accordingly, we discern no basis upon which to disturb County Court's ruling in this regard.

Defendant next contends that the verdict convicting him of each of the underlying crimes is against the weight of the evidence.  Again, we do not agree.  As a starting point, to the extent that the charged crimes contained specific age requirements for the victims and/or defendant (see Penal Law §§ 130.30 [1]; 130.35 [4]; 130.50 [4]; 130.60 [2]; 130.75 [1] [b]; 255.26; 255.27), the information contained in defendant's redacted written statement, which was admitted into evidence at

trial, together with the testimony of victim A, her mother and victim B, was sufficient to satisfy the age elements embodied in the crimes at issue.  Similarly, the evidence at trial established that defendant was aware that he was related to victim A to the degree required by the incest statutes (see Penal Law §§ 255.26, 255.27).

With respect to the specific charges, victim A testified, in detail and at length, that defendant began having sex with her in late August 2007 or early September 2007 – a point in time when victim A was 12 years old.  Victim A testified as to the progression of the relationship – from touching to oral sex to sexual intercourse – and described both the locations and the frequency with which such acts took place.  Although noting that defendant had intercourse with her "basically almost every chance he got," victim A testified as to specific incidents of oral sex and/or sexual intercourse that occurred between late 2007 and early 2008, including Halloween, Thanksgiving, Christmas Eve and her birthday.  Victim A's mother confirmed that victim A was with defendant on the holidays in question, and defendant's own statement reflects that he "had sex with [victim A] about 20 separate times" between late summer and October 2007, in addition to one act of sexual intercourse in January 2008.  Upon consideration of this evidence, and granting deference to the jury's credibility determinations, we are satisfied that the jury accorded the evidence the weight that it deserved.  Accordingly, we find no basis upon which to disturb defendant's conviction as to the crimes charged with respect to victim A – specifically, course of sexual conduct against a child in the first degree, incest in the first degree, rape in the second degree, incest in the second degree and endangering the welfare of a child.

We reach a similar conclusion as to the two counts of sexual abuse in the second degree charged with respect to victim B, which required the People to prove that defendant engaged in sexual contact – defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]) – with victim B (see Penal Law § 130.60 [2]).  Both victim A and victim B recounted an incident that occurred during a sleepover with victim A in January 2008 wherein defendant expressed a desire to

have a "threesome" with them.  Victim B testified that she initially thought that defendant was kidding, but that defendant thereafter grabbed her between her legs stating, "[I'll] be getting some of that later."  In an effort to stall for time, victim B told defendant that she would not do anything with him without a condom.  Victim A, victim B and defendant then went to a local grocery store to make that purchase.  Upon returning from the store, victim A, victim B and defendant proceeded to a bedroom in the residence, at which time – victim B testified – defendant engaged in sexual contact with her within the meaning of the subject statute.  Crediting the testimony offered by victims A and B, as well as the admissions made by defendant in his written statement, we are satisfied that the jury accorded such evidence the weight that it deserved.

Defendant's remaining contentions do not warrant extended discussion.  To the extent that County Court erred in admitting into evidence reference to an uncharged act of sexual intercourse that occurred with victim A in Saratoga County, in light of the overwhelming evidence of defendant's guilt, we deem any error in this regard to be harmless (see People v Arafet, 13 NY3d 460, 467 2009]; People v Raucci, 109 AD3d 109, 120-121 [2013], lv denied 22 NY3d 1158 [2014]).  As for defendant's claim that he was denied the right to counsel of his choosing, we cannot say that County Court abused its discretion in denying defendant's eve-of-trial request for an adjournment in order retain a new attorney.  Nor do we find merit to defendant's ineffective assistance of counsel claim.  To the extent that defendant faults trial counsel for failing to secure his testimony at the grand jury proceeding, sufficiently confer with him prior to trial, adequately prepare for the suppression hearing and/or engage in sufficient pretrial motion practice, these claims involve matters outside of the record and, as such, are more properly the subject of a CPL article 440 motion (see People v Green, 119 AD3d 23, 31 [2014], lv denied 23 NY3d 1062 [2014]; People v Toye, 107 AD3d 1149, 1152 [2013], lv denied 22 NY3d 1091 [2014]; People v Stroman, 106 AD3d 1268, 1271 [2013], lv denied 21 NY3d 1046 [2013]).  As to the balance of defendant's claim, the record reflects that trial counsel "engaged in relevant motion practice, presented appropriate opening and closing statements, effectively cross-examined the People's witnesses and registered appropriate

objections" (<u>People v Cade</u>, 110 AD3d 1238, 1242 [2013], <u>lv denied</u> 22 NY3d 1155 [2014]).  Hence, we are satisfied that defendant received meaningful representation (<u>see</u> <u>People v Green</u>, 119 AD3d at 31; <u>People v Cade</u>, 110 AD3d at 1242; <u>People v Toye</u>, 107 AD3d at 1152).  Defendant's remaining arguments, including his assertion that the sentence imposed is harsh and excessive, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court