■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYLER V. LEWIS, Appellant. [62 NYS3d 661]—

Appeal from a judgment of the Jefferson County Court (Dennis M. Kehoe, A.J.), rendered January 28, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree (three counts), attempted robbery in the second degree, conspiracy in the fourth degree, and perjury in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress the statements made by defendant at the police station on December 7, 2009 is granted, and a new trial is granted on counts 1 through 6 and 10 of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and three counts of attempted robbery in the first degree (§§ 110.00, 160.15 [1], [2], [4]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that County Court erred in denying that part of his omnibus motion seeking to suppress the statements he made to a detective at the police station after he asserted his right to counsel. When the detective asked defendant if he would come to the police station to discuss the investigation of the crimes herein, defendant responded that he would not go "without a family member or a lawyer present." When the detective asked defendant whom he would like to accompany him, defendant gave the name of a man whom he considered to be like a father to him. The police drove defendant to the man's house, and the man agreed to accompany defendant and the detective to the police station. At the police station, after defendant and the man spoke alone for about 15 minutes, defendant made an incriminating statement to the detective. The detective then advised defendant of his *Miranda* rights, which defendant waived. Defendant spoke to the detective for about 20 minutes and signed a written statement.

In *People v Stroh* (48 NY2d 1000, 1001 [1980]), the defendant told the police that "he 'would like to have either an attorney or a priest to talk to, to have present.' " The Court held that, "[b]y making this request, [the defendant] asserted his right to counsel" (*id.*). We see no relevant distinction in the facts presented in this case, and we are therefore constrained to conclude that the statements made by defendant to the detective at the police station must be suppressed because defendant asserted his right to counsel. The People contend that the right to counsel did not attach indelibly inasmuch as de-

fendant was not in custody at the time he made his request (*see generally People v Davis*, 75 NY2d 517, 521-523 [1990]), and that defendant's subsequent waiver of the right to counsel after receiving *Miranda* warnings was therefore valid. Here, unlike in *Davis*, however, there was no break in the interrogation. Thus, contrary to the contention of the People, defendant's subsequent waiver was not valid (*cf. id.* at 523-524; *People v White*, 27 AD3d 884, 886 [2006], *lv denied* 7 NY3d 764 [2006]).

We conclude that the court's error is not harmless inasmuch as there is a "reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237 [1975]). We therefore grant that part of the omnibus motion seeking to suppress the statements made by defendant at the police station on December 7, 2009, and we grant a new trial on counts 1 through 6 and 10 of the indictment.

In light of our determination, there is no need to address defendant's remaining contentions. Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.