■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE E. MAILLE, Appellant.—Casey J. Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered February 26, 1985, upon a verdict convicting defendant of the crime of discharging a firearm across a public highway.

Following three hours of bear hunting in the morning of October 26, 1984, defendant picked up his friend Brian Shank, with whom he had been drinking on the previous night, and again visited a couple of bars. Defendant admits to having two beers in each of the two bars. They then went for a ride in defendant's new truck and decided to test the truck's four-wheel drive capacity on a steep hill adjacent to Interstate Route 87 (hereinafter the Northway). The truck blew a tire during the climb, went down the hill and became stuck in a ditch next to the Northway. Defendant was unable to move it out of the ditch and Shank left the vehicle to summon a tow truck. During the wait, defendant decided to target practice with his rifle and took two shots at the metal guardrails, hitting his target both times. The third bullet missed the guardrail and struck a car that was traveling south on the Northway, causing it considerable damage. The driver of the car, Sherrie Cross, and her husband reported the incident to the State Police station and three Troopers were dispatched to the scene. They found defendant seated in his truck. He denied having heard any shots or having observed anyone shooting. The Troopers discovered two spent cartridge casings on the ground which matched defendant's rifle. Defendant was arrested for driving on the Northway mall, or median, and when he exited the truck a third cartridge was discovered where he had been seated. After receiving his *Miranda* warnings at the State Police barracks, defendant gave a statement admitting his responsibility for the shootings.

Defendant was subsequently indicted for one count of reckless endangerment in the first degree, one count of criminal

mischief in the fourth degree, and one count of discharging a firearm across a public highway in violation of ECL 11-0931 (4) (a) (1). After a trial by jury, defendant was convicted only of the third count, discharging a firearm across a public highway. Defendant was sentenced to 60 days in jail, and he also received a fine of $200, plus the mandatory $40 surcharge for a misdemeanor.

Defendant's chief contention on this appeal is the refusal of County Court to charge the corroborative requirement of CPL 60.50. This statute provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed". It is defendant's position that there is no evidence other than his own statement to establish that he actually fired the shots. We disagree. The statute requires proof of the corpus delicti *(People v Anderson,* 80 AD2d 33, 37) in addition to defendant's confession or admission. However, corroboration under CPL 60.50 "need only be of circumstances ' "calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key" ' " *(People v Jackson,* 65 NY2d 265, 273, quoting *People v Murray,* 40 NY2d 327, 332, *cert denied* 430 US 948). Here, there is no dispute with the testimony of the Crosses that the shooting did in fact take place and that such shooting caused damage to their vehicle. Defendant was found at the very location where the shooting occurred. He was in a truck with a rifle that was matched to two shell casings found on the ground and a third that fell from his seat when he got out of the truck. In the circumstances, the record clearly contains the requisite "corroborative evidence". Therefore, we find no error in the court's refusal to charge CPL 60.50.

The statute which is the basis of defendant's conviction (ECL 11-0931 [4] [a] [1]) contains the words "discharge", "public highway" and "load". Defendant argues error in County Court's failure to define these terms for the jury. However, defendant never requested or excepted to the charge as given. Accordingly, this contention has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Allah,* 126 AD2d 778, 781, *lv denied* 69 NY2d 876) and we find that the terms are so fairly common as not to require our intervention in the interest of justice.

Defendant next argues that the verdict is repugnant to his acquittal of reckless endangerment in the first degree and criminal mischief in the fourth degree. Again, however, defendant is precluded from raising this issue on appeal when he

failed to do so before the jury was discharged *(see, People v Satloff,* 56 NY2d 745, 746; *People v Stevens,* 109 AD2d 856, 857). Furthermore, we find no merit to defendant's claim of repugnancy. Intent is not an element of ECL 11-0931 (4) (a) (1) *(see, People v Goodfriend,* 64 NY2d 695, 697).

Lastly, we find no abuse in the sentence imposed by County Court. The circumstances of the crime clearly support such sentence. The judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.