■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CRIMI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered December 3, 1984, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court should have admitted into evidence, as declarations against penal interest, several gratuitous hearsay statements made by one of his codefendants during a plea allocution and in a subsequently written document, which statements were of an exculpatory nature with regard to the defendant. Initially, we note that those statements which the defendant sought to introduce did not constitute an integral part of his codefendant's plea allocution, nor was their content clearly opposed to the declarant's interest (see, e.g., People v Brensic, 70 NY2d 9, 16; People v Maerling, 46 NY2d 289, 298-299; People v Thomp-

*son,* 129 AD2d 655; *People v Nicholson,* 108 AD2d 929). Moreover, the proffered statements were patently unreliable and were not supported by independent evidence of their trustworthiness so as to qualify as declarations against penal interest *(see, e.g., People v Brensic, supra; People v Abdullah,* 134 AD2d 503).

We further reject the defendant's claim that the court erred in failing to properly instruct the jurors concerning the evaluation of accomplice testimony. A review of the language employed by the court in its instructions amply demonstrates that the finders of fact were apprised of the requirement that accomplice testimony must be corroborated by independent, nonaccomplice evidence tending to connect the defendant with the commission of the crime *(see,* CPL 60.22 [1]).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.