■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Jerl Ferguson, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered December 16, 1985, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's claim that the trial court erred in precluding him from eliciting testimony regarding the contents of a statement he made to a detective on the date of his arrest, as the statement constituted inadmissible hearsay. Contrary to the defendant's position at trial, the statement did not satisfy the criteria for a declaration against penal interest, as there is nothing in the record to indicate that the defendant believed that it was contrary to his penal interest at the time he made it. Rather, the generally exculpatory tenor of the statement and the circumstances under which it was made strongly suggest that the defendant provided a whitewashed version of the events in an attempt to minimize his criminal culpability and to obtain his release from police custody. Moreover, there was a lack of adequate independent evidence to demonstrate that the defendant's particular account of the events was reliable *(see, e.g., People v Abdullah,* 134 AD2d 503; *see generally, People v Brensic,* 70 NY2d 9, 15). Additionally, inasmuch as the statement was largely exculpatory in nature, it was not "clearly opposed to the declarant's interest" *(People v Crimi,* 137 AD2d 702) and was therefore inadmissible *(see, People v Brensic, supra,* at 16).

Similarly unavailing is the defendant's contention that the trial court erred in denying his request to submit criminal trespass in the second degree as a lesser included offense of burglary in the second degree to the jury. There was no reasonable view of the evidence to support that submission, as the strong, direct and circumstantial proof adduced by the prosecution demonstrated that the defendant unlawfully entered a dwelling, ransacked the rooms, and misappropriated an item of jewelry before being arrested inside the premises by the police. Under these circumstances, the denial of the defendant's request was appropriate *(see, e.g., People v Evans,* 135 AD2d 648; CPL 300.50 [1]).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We find unconvincing the defendant's claim that he was denied the effective assistance of trial counsel. The record reflects, *inter alia,* that the defendant's counsel engaged in searching cross-examination and cogent factual and legal argument, and thereby provided his client with competent and meaningful representation *(see, People v Baldi,* 54 NY2d 137). The defendant's dissatisfaction with the tactical decisions of his counsel does not support his claim of ineffective assistance. Moreover, some of the matters upon which the defendant relies in attacking the adequacy of his counsel's representation are dehors the record and therefore are not properly before this court on his direct appeal from the judgment of conviction *(see, People v Candelaria,* 139 AD2d 752).

We have considered the defendant's remaining *pro se* contention and find it to be unpreserved for appellate review, and in any event, lacking in merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.