■ In the Matter of CALVIN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [645 NYS2d 883] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), entered August 26, 1994, which, upon a fact-finding order of the same court, dated April 20,

1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted menacing in the second degree, menacing in the third degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period not to exceed 12 months. The appeal brings up for review the fact-finding order dated April 20, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(cf., People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the fact-finding order was not against the weight of the evidence *(cf.,* CPL 470.15 [5]).

The Family Court excluded evidence of an alleged statement made by the appellant's friend in which the friend allegedly inculpated himself and exculpated the appellant. The court excluded the statement on the ground that it did not meet the criteria to be admitted as a declaration against penal interest. Contrary to the appellant's contention, this was not error. The appellant failed to demonstrate that the declarant was unavailable to testify and that there were supporting circumstances independent of the statement which assured the statement's trustworthiness and reliability *(see generally, People v Thomas,* 68 NY2d 194; *People v Settles,* 46 NY2d 154; *People v Tinh Phan,* 208 AD2d 659; *People v Ferguson,* 154 AD2d 706). Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.