■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PULLMAN, Appellant. [652 NYS2d 433] —Judgment unanimously affirmed. Memorandum: After preliminary questioning, County Court properly determined that the 10-year-old developmentally disabled victim possessed sufficient capacity and intelligence to testify. "[R]esolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review" (*People v Parks,* 41 NY2d 36, 46; *see, People v Nisoff,* 36 NY2d 560, 566). It was an abuse of discretion, however, for the court to permit the victim to be sworn because she did not demonstrate the necessary comprehension and appreciation of the nature of an oath. Nevertheless, reversal is not warranted because there is sufficient evidence, including defendant's confession, to corroborate the victim's testimony (*see, People v Lynch,* 216 AD2d 929, *lv denied* 87 NY2d 904). Such evidence tends to establish the crime and " 'connect[s] the defendant with the crime in such a way that the jury may be reasonably satisfied that the [victim] is telling the truth' " (*People v Groff,* 71 NY2d 101, 110).

In light of the sufficiency of the corroborative evidence, the court's failure to instruct the jury that defendant could not be convicted without corroboration of his confession does not require reversal (*see,* CPL 60.50). Such failure will not be deemed reversible error where the "record clearly contains the requisite 'corroborative evidence' " (*People v Maille,* 136 AD2d 829, 830; *see, People v Rosado,* 194 AD2d 466, *lv denied* 82 NY2d 725; *People v Hobbs,* 185 AD2d 619, 620, *lv denied* 80 NY2d 1027).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe.

We have examined the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Oneida County Court, Donalty, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.