■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. YOUNG, Appellant. [667 NYS2d 558] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, upon retrial on a new indictment, of robbery in the first and second degrees. He contends that statements he made to a fellow inmate should not have been admitted into evidence because the fellow inmate solicited the statements as an agent for the police without first giving him *Miranda* warnings. It appears from the record that a hearing to determine the inmate's agency status was held before defendant's first trial. Although defense counsel reserved his right to request a new hearing on this issue, no such request was made and the record contains no transcript of any *Cardona* or *Huntley* hearing concerning this issue. Thus, the issue is not preserved for our review (*see,* CPL 470.05 [2]). Defendant also failed to preserve

for our review his contention that the People did not provide notice of their intent to call the inmate as a witness in violation of CPL 710.30 (*see, People v Boswell,* 193 AD2d 690). We decline to exercise our power to address either issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Contrary to defendant's contention, the accomplice's testimony was sufficiently corroborated by the testimony of eyewitnesses, the victim and the inmate to whom defendant made admissions (*see, People v Daniels,* 37 NY2d 624, 629; *cf., People v Pynes,* 170 AD2d 981, 982, *lv denied* 78 NY2d 972). We reject the further contention of defendant that Supreme Court erred in its accomplice liability charge. "There is no requirement that the court enumerate the items of evidence which the jury might consider as corroborative of an accomplice's testimony" (*People v Goldfeld,* 60 AD2d 1, 8). There is no merit to defendant's contention that the court's *falsus in uno* charge was inadequate (*see, People v Owens,* 202 AD2d 341, *lv denied* 83 NY2d 970). Finally, we reject the contention of defendant that he was deprived of a fair trial by the facts and circumstances of his retrial. (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Wisner, Callahan and Fallon, JJ.