■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LOVE, JR., Appellant. [709 NYS2d 462] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the fourth degree (Penal Law § 155.30 [4]) and petit larceny (Penal Law § 155.25). There is no merit to defendant's contentions that the verdict is not supported by legally sufficient evidence and that it is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Also without merit are the contentions of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation and that he was denied effective assistance of counsel prior to and during trial. The allegedly improper comments on summation were fair response to defense counsel's summation (*see, People v Maddox*, 236 AD2d 832, 833, *lv denied* 89 NY2d 1037), and defense counsel provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contentions that the indictment should be dismissed because the prosecutor failed to present to the Grand Jury a composite sketch of the burglar and questioned defendant regarding his criminal background (*see, CPL* 470.05 [2]; *People v Sheltray*, 244 AD2d 854, *lv denied* 91 NY2d 897). In any event, the Grand Jury proceedings were not rendered defective because the prosecutor failed to present the composite sketch (*see, People v Lancaster*, 69 NY2d 20, 25-26, *cert denied* 480 US 922; *People v Cullen*, 175 AD2d 658, 658-659, *lv denied* 78 NY2d 1010) or because defendant was examined with respect to prior felony convictions (*see, People v Thomas*, 213 AD2d 73, 76, *affd* 88 NY2d

821). The prosecutor's questioning of defendant regarding his November 4 arrest for criminal trespass was not improper. The Grand Jury indicted defendant for that offense.

Defendant also failed to preserve for our review his contention that the People failed to provide a CPL 710.30 notice regarding a pretrial identification of defendant (*see,* CPL 470.05 [2]; *People v Young,* 245 AD2d 1063; *People v Heath,* 219 AD2d 804, *lv denied* 87 NY2d 902, 1020). In any event, there is no merit to that contention. The identification was not arranged by the police (*see, People v Bello,* 219 AD2d 657, 658).

We have reviewed the remaining contentions of defendant and conclude that they lack merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Burglary, 2nd Degree.) Present—Green, J. P., Wisner, Hurlbutt and Balio, JJ.