■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO VALDERRAMA, Appellant. [728 NYS2d 812] —Spain, J. Ap-

peal from a judgment of the County Court of Albany County (Rosen, J.), rendered September 13, 1996, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree (two counts).

Following a jury trial, defendant was convicted of robbery in the first degree and two counts of robbery in the second degree for his participation in an incident which occurred on the evening of November 26, 1995, near the intersection of Clinton and Lexington Avenues in the City of Albany. Testimony at trial demonstrated that the victims, Lance Goodwin and Patrick Tucker, were en route to view Tucker's new residence when they were approached by a group of young men who asked if they had any money. After a brief conversation, a scuffle ensued and codefendant Carlton Brace punched Goodwin in the head, knocked him to the ground and took approximately $200 from him. Meanwhile, Tucker, after initially attempting to escape from the fray, returned apparently to assist Goodwin and was attacked by several of the men. During the ensuing melee, defendant struck Tucker with a baseball bat, hitting him in the upper torso and knocking him to the ground. A videotape of the incident captured by neighbors was shown to the jury. Convicted as charged, defendant was sentenced as a juvenile offender to concurrent indeterminate prison terms, the maximum of which is $3\frac{1}{3}$ to 10 years. Defendant appeals.

We affirm. Initially, we are unpersuaded by defendant's contention that the evidence was legally insufficient to support his conviction on all charges. The essence of defendant's argument is that while the evidence established that he beat Tucker with a baseball bat, the People failed to prove that he possessed the requisite mental culpability in that there was no proof that he intended to commit robbery or to aid in the commission of robbery, as there was no evidence that defendant stole anything from Tucker or that Brace shared any of his proceeds with defendant. Mindful that "[m]ental culpability may be inferred from defendant's conduct and from the surrounding circumstances" (*People v McDonald*, 257 AD2d 695, 696, *lv denied* 93 NY2d 876) and viewing the evidence in a light most favorable to the People (*see, People v Taylor*, 94 NY2d 910; *People v Contes*, 60 NY2d 620, 621), we find that the evidence adduced at trial was legally sufficient to permit a rational trier of fact to conclude, based upon reasonable, permissible inferences drawn from defendant's actions and the surrounding circumstances, that he was an accomplice (*see,* Penal Law § 20.00; *People v Allah*, 71 NY2d 830, 832; *People v*

*Gage*, 259 AD2d 837, 838-839, *lvs denied* 93 NY2d 924, 970; *People v McDonald, supra*). The evidence further established all the elements of robbery in the first degree and robbery in the second degree beyond a reasonable doubt (*see*, Penal Law § 160.15 [3]; § 160.10 [2] [a]; *see generally, People v Jacobs*, 188 AD2d 897, *lv denied* 81 NY2d 887; *People v Little*, 186 AD2d 1072, *lv denied* 81 NY2d 1075).

We are similarly unpersuaded by defendant's assertion that the verdict was against the weight of the evidence. Viewing the evidence in a neutral light and according deference to the fact finder's ability to observe the witnesses and evaluate their credibility (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Huntley*, 259 AD2d 843, *lv denied* 93 NY2d 972), we cannot say that the jury failed to give the evidence the weight it should have been accorded.

Finally, we reject defendant's contention that County Court erred in denying his request to elicit testimony at trial regarding the contents of partially exculpatory statements that he made to a police detective following his arrest whereby he admitted to merely assaulting Tucker. These statements, which would have supported the theory of the defense at trial, are inadmissible hearsay as they do not satisfy the criteria for declarations against penal interest (*see, People v Settles*, 46 NY2d 154, 167; *People v Ferguson*, 154 AD2d 706, 707, *lv denied* 76 NY2d 788, *cert denied* 498 US 947) and, as noted by County Court, the introduction of such statements into evidence would have unfairly allowed defendant to introduce his self-serving version of the events at trial without being subjected to cross-examination (*see, People v Sibadan*, 240 AD2d 30, *lv denied* 92 NY2d 861). The exculpatory nature of the statements and the circumstances under which they were made support the conclusion that defendant provided a gilded version of events in an effort to minimize his criminal culpability and, as exculpatory, the statements were "not 'clearly opposed to the declarant's interest' " (*People v Ferguson, supra*, at 707, quoting *People v Crimi*, 137 AD2d 702, 702, *lv denied* 71 NY2d 1025; *see, People v Sibadan, supra; People v Richardson*, 193 AD2d 969, *lv denied* 82 NY2d 725). Accordingly, County Court properly denied the introduction of these statements.

Cardona, P. J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.