THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v A. J. RUTLEDGE, Appellant. [730 NYS2d 761] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in refusing to give an expanded circumstantial evidence charge. We disagree. Upon hearing a radio transmission that the proceeds of a burglary had been found in the trunk of his car, defendant stated that he had committed "a burglary." That statement, "if interpreted by the fact finder as a relevant admission of guilt, distinguishes this case from those based exclusively on circumstantial evidence" (*People v Rumble,* 45 NY2d 879, 880), and thus an expanded circumstantial evidence charge was not required (*see, People v Barnes,* 162 AD2d 1039, 1040, *lv denied* 76 NY2d 890; *People v Emery,* 159 AD2d 992, *lv denied* 76 NY2d 787). Defendant further contends that reversal is required because the court refused to charge the jury that he could not be convicted without corroborative evidence (*see,* CPL 60.50). The record contains the requisite corroborative evidence and thus the court's failure to give that charge does not require reversal (*see, People v Pullman,* 234 AD2d 955, *lv denied* 89 NY2d 1099). We reject defendant's further contention that the court erred in failing to submit to the jury the issue of the voluntariness of defendant's statements. Defendant failed to raise an issue of fact at trial concerning the voluntariness of his statements (*see generally, People v Cefaro,* 23 NY2d 283, 288-289).

Contrary to the contention of defendant, the prosecutor was entitled to question him concerning a prior felony conviction when he testified before the Grand Jury (*see, People v Thomas,* 213 AD2d 73, 76, *affd* 88 NY2d 821; *People v Love,* 272 AD2d

913, 913-914, *lv denied* 95 NY2d 867). We reject the contention of defendant that the People improperly impeached his testimony at trial by cross-examining him concerning his failure to testify at the Grand Jury regarding information to which he testified at trial. Defendant chose to "narrate the essential facts of his involvement in the crime" before the Grand Jury and therefore was properly "cross-examined about his failure to [provide testimony] at that time [concerning] exculpatory circumstances to which he later testifie[d] at trial" (*People v Savage*, 50 NY2d 673, 676, *cert denied* 449 US 1016; *see generally, People v Spinelli*, 214 AD2d 135, 140, *lv dismissed* 87 NY2d 1025). The sentence is neither unduly harsh nor severe. We have reviewed defendant's contentions in the *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.