■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DHORUBA SHUAIB, Appellant. [975 NYS2d 222]—

Lahtinen, J.P. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered March 15, 2012 in Albany County, upon a verdict convicting defendant of the crime of manslaughter in the first degree, and (2) by permission, from a corrected order of the County Court of Albany County (Lynch, J.), entered March 8, 2013, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In April 2011, defendant and codefendant, Jah-lah Vanderhorst, were at Hoffman Park in the City of Albany. Vanderhorst engaged in a fight with the victim, which was witnessed by numerous individuals and video-recorded by one bystander on his cell phone. During the fight, Vanderhorst stabbed the victim in the chest causing the victim's death. Based on his alleged role of providing Vanderhorst with a knife during the fight and restricting the victim's movements, defendant was jointly indicted with Vanderhorst on one count of murder in the second degree. Defendant's trial was severed from that of Vanderhorst

and, although the jury acquitted defendant of murder in the second degree, he was convicted of the lesser included offense of manslaughter in the first degree. Supreme Court (Lamont, J.) sentenced defendant to 21 years in prison and five years of post-release supervision. He subsequently moved to vacate the judgment of conviction on the ground of ineffective assistance of counsel, which County Court (Lynch, J.) denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.

Defendant contends that the verdict was against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Molina*, 79 AD3d 1371, 1375 [2010], *lv denied* 16 NY3d 861 [2011]). We are, however, "careful not to substitute [our]selves for the jury" as "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Romero*, 7 NY3d at 644; *People v Tinkler*, 105 AD3d 1140, 1141 [2013], *lv denied* 21 NY3d 1020 [2013]).

Witnesses at trial included many individuals who were present in Hoffman Park when the fight and stabbing occurred. The video of the incident was received in evidence and viewed by the jury. Defendant testified in his defense. The proof established that Vanderhorst, who was defendant's friend, and the victim had an ongoing feud. The fight lasted a couple of minutes and Vanderhorst remained the aggressor. The victim, although bigger, repeatedly retreated and urged Vanderhorst to put away his knife. The victim's retreat resulted in the fight moving about in the park and defendant circled around the victim, making retreat more difficult. At one point, Vanderhorst threw a bicycle at the victim. There was testimony that he handed his knife to defendant in order to pick up and throw the bicycle. Immediately thereafter, Vanderhorst is depicted in the video going to defendant and an apparent exchange took place, which witnesses stated was when defendant returned the knife to Vanderhorst.

One witness urged Vanherhorst to disarm and she recalled defendant indicating that they were going to get the victim. As the victim went around a park bench pursued by Vanderhorst wielding the knife, the video shows defendant attempting to

trip the victim from behind. The victim retreated to an area where a fence partially blocked his retreat and, as Vanderhorst closed in with the knife, defendant stepped immediately behind the victim in a blocking fashion hindering any further retreat. At the same moment, Vanderhorst lunged forward inflicting the fatal blow.

The testimony of the witnesses—many of whom were young teenagers observing disturbing events unfold—was not without inconsistencies. The witnesses' testimony, however, considered in conjunction with the video, established defendant's significant involvement in the crime. The explanations offered by defendant in his testimony as to the events created credibility issues for the jury. Giving deference to those credibility determinations, and after weighing the proof in the record, we find that the weight of the evidence supports the jury's verdict finding defendant's accessorial culpability in committing manslaughter in the first degree.

Defendant argues that he did not receive the effective assistance of counsel. We are unpersuaded. "The Constitution guarantees a defendant a fair trial, not a perfect one [and] [i]solated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial" (*People v Henry*, 95 NY2d 563, 565-566 [2000] [internal quotation marks and citations omitted]; *see People v Benevento*, 91 NY2d 708, 712-713 [1998]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 146-147 [1981] [citations omitted]; *accord People v Oathout*, 21 NY3d 127, 128 [2013]). Defendant urges in his CPL 440.10 motion that counsel failed to closely view the video of the incident and also did not give him ample opportunity to do so. However, defendant viewed it several times before testifying and, in light of his position that he never physically touched the victim during the incident, counsel was not ineffective in failing to view the entire video frame-by-frame so as to ensure that such contact was not shown at any place therein. The remaining asserted deficiencies of counsel, including failing to make certain objections at trial, do not rise to the level of ineffectiveness. Review of the record reveals that counsel not only obtained acquittal on the murder charge, but also "made appropriate motions, set forth a cogent defense theory, interjected viable objections, conducted meaningful cross-examination, gave an effective summation and

otherwise presented a zealous defense" (*People v Bush*, 107 AD3d 1302, 1303 [2013]; *see People v Kenyon*, 108 AD3d 933, 940 [2013], *lv denied* 21 NY3d 1075 [2013]; *People v Ariosa*, 100 AD3d 1264, 1266 [2012], *lv denied* 21 NY3d 1013 [2013]).

The remaining arguments do not require extended discussion. We are unpersuaded that the People pursued theories outside the scope of the indictment as amplified by the bill of particulars regarding defendant's accessorial culpability, and Supreme Court's charge on such issue, which followed the pattern jury instruction, did not constitute reversible error (*see People v Robinson*, 53 AD3d 681, 683-684 [2008], *lv denied* 11 NY3d 794 [2008]; *see also People v Rebollo*, 107 AD3d 1059, 1061-1062 [2013]). Defendant's contention that he was unduly prejudiced by the admission into evidence of two 911 calls made by individuals at the scene (both of whom also testified at trial) was not preserved by a timely objection and, in any event, the recordings did not unfairly prejudice defendant under the circumstances of this case (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]; *People v Harris*, 99 AD3d 608, 608-609 [2012], *lv denied* 21 NY3d 1004 [2013]). Although defendant had no criminal record and expressed remorse, we find unavailing his argument regarding the sentence. He received less than the maximum sentence and Supreme Court did not abuse its discretion in sentencing nor are there extraordinary circumstances warranting a reduction in the interest of justice (*see People v Hartman*, 86 AD3d 711, 713 [2011], *lv denied* 18 NY3d 859 [2011]; *People v Duffy*, 38 AD3d 1060, 1060-1061 [2007]).

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the judgment and corrected order are affirmed.