Lahtinen, J.
Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 19, 2010 in Albany County, upon a verdict convicting defendant of the crime of criminal sexual act in the first degree (three counts).
Defendant solicited sex for money from the victim, a prostitute. However, once she entered his car, instead of paying, he allegedly took her to a secluded area in the City of Albany where he physically forced her to engage in various sexual activities. Upon being returned to the area where she had been picked up by defendant, the victim ran into the street and flagged down police, reporting what had occurred. Defendant was questioned several times and gave conflicting versions of events to police. After the original indictment was dismissed with leave to represent, defendant was eventually indicted on two counts of rape in the first degree and four counts of criminal sexual act in the first degree. The indictment alleged that he had used forcible compulsion to require the victim to engage in three separate sexual acts (oral, anal and vaginal sex) in his car and then later the same three acts outside his car. A jury convicted him of three counts of criminal sexual act in the first degree, for the anal and oral acts occurring inside the car and the oral act occurring outside the car. He was acquitted of the remaining counts. Defendant was sentenced, as a second violent felony offender, to 25 years in prison plus postrelease supervision. Defendant now appeals.
We are unpersuaded by defendant’s contention that the People deprived him of a fair trial by presenting a theory at trial that varied from the theory alleged in the indictment. The People cannot alter at trial the theory charged in the indictment (see People v Grega, 72 NY2d 489, 496 [1988]; People v Ardrey, 92 AD3d 967, 970-971 [2012], lv denied 19 NY3d 861 [2012]). The forcible compulsion element of the crimes alleged in the indictment was based upon the use of physical force (see Penal Law § 130.00 [8] [a]) and not upon threats (see Penal Law § 130.00 [8] [b]). Although Supreme Court precluded many threatening comments that the People sought to introduce, defendant argues that the court erred in allowing the victim to state that she saw a knife clipped to defendant’s belt. Neither this proof nor the victim’s testimony regarding comments made by defendant while engaged in certain sex acts or when dropping her off after the incident resulted in an altering of the People’s theory. Moreover, Supreme Court limited its charge to the jury regarding the element of forcible compulsion to only physical force, and did not include threats in the charge.
*1063 Defendant next asserts that the second count of the indictment, based on oral sex occurring inside the car, should have been dismissed as duplicitous. A count that properly charges one criminal act may nonetheless be “duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict” (People v Dalton, 27 AD3d 779, 781 [2006], lv denied 7 NY3d 754 [2006]). Although the second count charged one criminal act of forced oral sex occurring in the car, the victim testified at trial that she performed oral sex upon defendant in the car both immediately after being directed into the rear seat and then again following anal sex in the car. During deliberations, the jury sent a note inquiring as to which oral act the second count referred. Supreme Court, after reviewing the victim’s grand jury testimony and considering extensive arguments from the parties, instructed the jury to limit its consideration to the latter act. Supreme Court thus removed any confusion as to the act that the jury should consider with respect to the crime charged in the second count, and it did not err in the manner in which it addressed the issue (see People v Alonzo, 16 NY3d 267, 271 [2011]). Moreover, contrary to defendant’s contention, the court handled the jury’s question consistent with the governing statute (see CPL 310.30; see also People v Kisoon, 8 NY3d 129, 133-134 [2007]).
The verdict was not against the weight of the evidence. Since a different verdict would not have been unreasonable, we “must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; see People v Danielson, 9 NY3d 342, 348 [2007]). We accord deference to “ ‘the fact-finder’s opportunity to view the witnesses, hear the testimony and observe demean- or’ ” (People v Romero, 7 NY3d 633, 644 [2006], quoting People v Bleakley, 69 NY2d at 495). Although many witnesses testified at trial, the verdict rested in large measure on the jury’s assessment of the credibility of the victim. Her testimony sufficiently established each of the elements of the crimes of which defendant was convicted. We note in such regard that some aspects of her testimony were corroborated by other proof, and the statements that defendant gave to police evolved in a manner that did not reflect well on the credibility of his version of events. Upon weighing and considering the proof in the record and deferring to the jury’s credibility determinations, we find that the verdict was supported by the weight of the evidence.
*1064 Peters, EJ., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.