### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 20, 2014  105225
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                               MEMORANDUM AND ORDER

LACEDRIC GRIFFIN,
                    Appellant.
_____

Calendar Date:  October 15, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Salvatore Adamo, Albany, for appellant, and appellant
pro se.

        P. David Soares, District Attorney, Albany (Steven M. Sharp
of counsel), for respondent.

_____

Stein, J.

        Appeal from a judgment of the Supreme Court (Teresi, J.),
rendered June 26, 2012 in Albany County, upon a verdict
convicting defendant of the crime of robbery in the second
degree.

        On the evening of April 9, 2011, two men with their faces
covered entered a neighborhood grocery store/deli and attacked
the owner of the store.  During the struggle that ensued, the
victim pulled off the mask worn by one of the perpetrators and
the two assailants exited the store with more than $300, leaving
the mask behind.  Subsequent testing of DNA recovered from the
mask was linked to defendant and he was arrested.  Defendant was
ultimately charged in a two-count indictment with robbery in the

second and third degrees.  Following a jury trial, defendant was convicted of robbery in the second degree, and his subsequent motion to set aside the verdict was denied.  Supreme Court thereafter sentenced defendant, as a second felony offender, to 15 years in prison, to be followed by five years of postrelease supervision.  Defendant now appeals, and we affirm.

Initially, we reject defendant's contention that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence because the People failed to establish beyond a reasonable doubt his identity as the masked perpetrator.  Robbery in the second degree requires the People to prove that a defendant forcibly stole property while being aided by another person actually present (see Penal Law § 160.10 [1]; People v Gordon, 23 NY3d 643, 649 [2014]).  A person forcibly steals property when "he [or she] uses or threatens the immediate use of physical force upon another person for the purpose of . . . [c]ompelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny" (Penal Law § 160.00 [2]; see People v Gordon, 23 NY3d at 649-650; People v Smith, 22 NY3d 1092, 1094 [2014]).

At trial, the People presented evidence that, on the evening in question, two men entered the store, each with his face covered.  One of the perpetrators wore a mask and attacked the victim, while the other, who wore a scarf over his face, grabbed the money.  As the victim was fighting back, he took hold of the assailant's mask and pulled it off of his head.  The second perpetrator also fought with the victim, and the two assailants then left the store with the money, but without the mask.  The police responded to the victim's 911 call, documented the victim's statement — which included a description of the assailants' ethnicity and general build — and recovered the mask.  However, the victim did not see either perpetrator's face and was unable to identify defendant in various photo arrays presented by the police.

To establish defendant's identity as the masked man at trial, the People called as a witness Kristine Robinson, a forensic scientist at the New York State Police Forensic

Investigation Center, who performed DNA testing on the mask. Robinson testified that testing of the DNA found on the inside of the mask revealed more than one person's DNA, but that defendant's DNA was consistent with that of a major contributor who left 90% of the total DNA on the inside of the mask. Robinson also testified that the last person wearing the mask would have deposited more DNA, and ultimately concluded that the chances of someone other than defendant being the major contributor of DNA was less than one in 300 billion. The victim also testified that, while he did not see the perpetrator's face, defendant matched the size and height of the perpetrator who wore the mask. This evidence was more than sufficient to establish defendant's identity as the mask-wearing perpetrator (see People v Dearmas, 48 AD3d 1226, 1228 [2008], lv denied 10 NY3d 839 [2008]). Thus, viewing the evidence in the light most favorable to the People, we find that there was legally sufficient proof of each element of the crime of robbery in the second degree to sustain defendant's conviction (see People v Gordon, 23 NY3d at 649; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Horton, 106 AD3d 1192, 1193-1194 [2013], lv denied 21 NY3d 1016 [2013]; People v Valderrama, 285 AD2d 902, 903-904 [2001], lv denied 97 NY2d 659 [2001]). In addition, while a different verdict would not have been unreasonable, when we view the evidence in a neutral light and accord appropriate deference to the jury's credibility assessments, we are satisfied that the verdict is in accord with the weight of the evidence (see People v Bleakley, 69 NY2d at 495; People v Walker, 117 AD3d 1094, 1095-1096 [2014]; People v Pope, 96 AD3d 1231, 1234 [2012], lv denied 20 NY3d 1064 [2013]; People v Valderrama, 285 AD2d at 904).

We also reject defendant's argument that he was denied the effective assistance of counsel. To this end, defendant alleges a single error on counsel's part, namely, counsel's decision to elicit testimony from a police detective regarding defendant's prior criminal history. "When reviewing a claim of ineffective assistance of counsel, courts must avoid confusing actual ineffectiveness with mere losing tactics, and a defendant must demonstrate the absence of strategic or reasonable explanations for counsel's alleged shortcomings" (People v McCloud, 121 AD3d 1286, ___, 2014 NY Slip Op 07204, *5 [2014]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Desmond, 118 AD3d 1131, 1135

[2014]).  Here, defense counsel acknowledged at trial that he elicited the challenged testimony as part of a chosen and purposeful course of action, designed to show that defendant had never previously been convicted of robbery or another violent crime (see generally People v Lane, 83 AD3d 1118, 1119 [2011], lv denied 17 NY3d 818 [2011]).  In fact, counsel also elected to have the jury view defendant's interview with police, during which defendant discussed his prior felony drug conviction, and requested that appropriate limiting instructions be given relative to the jury's consideration of defendant's criminal history.  Further, defendant independently informed Supreme Court on multiple occasions that he consented to the jury seeing the recorded interview, including his statement regarding his prior conviction.  The record also confirms that trial counsel zealously advocated for defendant by, among other things, conducting effective cross-examination, offering thoughtful opening and closing arguments and making appropriate trial and posttrial motions.  Thus, when we consider counsel's representation as a whole, we find that defendant received meaningful representation (see People v Blake, ___ NY3d ___, ___, 2014 NY Slip Op 07086, *3 [2014]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Desmond, 118 AD3d at 1135-1136).

We are unpersuaded by defendant's further contention that his sentence was harsh and excessive and an abuse of Supreme Court's discretion.  To the extent argued, the record does not support a claim that the sentence was vindictive or a punishment for defendant's assertion of his constitutional right to a trial (see People v Shoemaker, 119 AD3d 1073, 1077 [2014]; People v Foulkes, 117 AD3d 1176, 1177 [2014]).  While defendant received the maximum permissible sentence (see Penal Law §§ 70.06 [3] [c]; 160.10), it appropriately reflects the court's consideration of defendant's extensive criminal history – including a prior drug felony and a parole violation – his physical attack on the victim and his failure to accept responsibility for the crime.  Thus, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence (see People v Sheppard, 119 AD3d 986, 987 [2014]; People v Castellano, 100 AD3d 1256, 1258 [2012], lv denied 20 NY3d 1096 [2013]).  We have examined the remaining arguments raised in defendant's pro se supplemental brief, including his statutory speedy trial claim, and find them

to be lacking in merit.

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court